IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL OZUNA, ID # 1378641, )<br>Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>Respondent. ) | No. 3:07-CV-1846-L-BH<br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his Ellis County conviction for aggravated robbery in Cause No. 30357CR. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural History**

On June 9, 2006, petitioner was convicted on a plea of guilty and sentenced to twelve years imprisonment on two counts to be served concurrently. S.H. Tr.[1] at 27. He did not appeal the conviction. Nevertheless, on August 13, 2007, he filed a state petition seeking habeas relief. *Id.* at

---

[1] "S.H. Tr." denotes the state habeas records attached to *Ex parte Ozuna*, No. 68,472-01, slip op. (Tex. Crim. App. Sept. 26, 2007).

37. On September 26, 2007, the Texas Court of Criminal Appeals denied the petition. *Ex parte Ozuna*, No. 68,472-01, slip op. at 1 (Tex. Crim. App. Sept. 26, 2007).

Petitioner filed the instant petition on October 9, 2007, when he placed it in the prison mail system. (Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that (1) his conviction was obtained by use of a coerced confession and through violation of his privilege against self-incrimination (Claims 1 and 2); (2) his attorney rendered ineffective assistance of counsel by advising him to plead guilty, refusing to withdraw his plea, and not adequately preparing for trial (Claim 3); and (3) the prosecution withheld unspecified favorable evidence (Claim 4). (Pet. at 7-8.) Respondent filed an answer to the petition on September 25, 2008, and urges the Court to find the petition untimely.[2] (*See* Answer at 1-8.) Petitioner has filed no reply brief.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction

---

[2] Alternatively, he urges the Court to find Claim 4 procedurally barred. (*See* Answer at 9-12.) Because the instant action is untimely, the Court need not consider this alternative.

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). In addition, he has not carried his burden to establish the applicability of subparagraph (D).[3] *See Norrid v. Quarterman*, No. 4:06-CV-403-A, 2006 WL 2970439, at *1 (N.D. Tex. Oct. 16, 2006) (recognizing that the burden lies with petitioner). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date petitioner's conviction became final in accordance with subparagraph (A).

In this case, petitioner did not appeal his conviction. For purposes of § 2244(d), the state conviction thus becomes final thirty days after he pled guilty and was sentenced on June 9, 2006. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal); *Ellis v. Johnson*, 11 F. Supp. 2d 695, 698 (N.D. Tex. 1998). If the thirtieth day "is a Saturday, Sunday, or legal holiday, the period extends to the first day that is not a Saturday, Sunday, or legal holiday." Tex. R. App.

---

[3] The factual predicates of his first three claims were certainly known before his conviction became final. Although the vagueness and generality of his fourth claim makes it difficult to definitively state that he knew its factual predicate prior to his conviction becoming final, he has made no effort to establish the applicability of subparagraph (D).

3

P. 4.1(a). Because the thirtieth day in this case falls on a Sunday, petitioner's state judgment of conviction became final on Monday, July 10, 2006.

Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders this action untimely.

### III. TOLLING

The clear language of § 2244(d)(2) and a prior holding of this Court mandate that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). However, when petitioner filed his state petition on August 13, 2007, the statutory limitations period had already expired because his conviction became final in July 2006. Thus, the statutory tolling provision does not save the October 9, 2007 federal petition. Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.[4] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute

---

[4] Relying on *Bowles v. Russell*, 127 S. Ct. 2360 (2007), respondent argues that equitable tolling is no longer available in federal habeas actions. (*See* Answer at 6.) However, the Fifth Circuit has specifically rejected such argument. *See Coker v. Quarterman*, 270 Fed. App'x 305, 308 n.1 (5th Cir. 2008) (per curiam). Furthermore, as noted in the Eastern District of Texas: "Respondent overlooks the fact that *Bowles* referred to time limits which are *jurisdictional*, such as notices of appeal, and the habeas corpus statute of limitations is not jurisdictional." *Patterson v. Director, TDCJ-CID*, No. 6:07-CV-326, 2007 WL 4368583, at *6 n.2 (E.D. Tex. Dec. 13, 2007) (adopting recommendation of Mag. J.). Apparently anticipating the *Patterson* distinction, respondent contends that the statutorily created time limits of 28 U.S.C. § 2244(d)

4

of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). The instant action should therefore be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 14th day of January, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

"should be considered jurisdictional" (*see* Answer at 7). However, the Fifth Circuit has held otherwise, *see Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), and in a concurring opinion, Justices Souter and Stevens indicate that equitable tolling applies apart from the statutory tolling provision, 28 U.S.C. § 2244(d)(2), *see Duncan v. Walker*, 533 U.S. 167, 183 (2001). In the absence of a specific pronouncement by the Fifth Circuit or the Supreme Court, this Court continues to consider equitable tolling in federal habeas actions.